UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JENNA RAE BRIGNAC TRUXILLO, individually and on behalf of her minor child Bryson Truxillo | * * | CIVIL ACTION NO. 22-4300 |
| VERSUS | * | SECTION "I" (2) |
| NATIONAL MAINTENANCE AND REPAIR OF LOUISIANA, INC., ET AL. | * | |

**ORDER AND REASONS**

Before me is Plaintiff Jenna Rae Brignac Truxillo's Motion for Leave to File First Supplemental and Amending Complaint. ECF No. 15. Defendant Excell Marine Corporation timely filed an Opposition Memorandum. ECF No. 19. Plaintiff sought leave and filed a Reply Memorandum. ECF Nos. 22, 25. No party requested oral argument in accordance with Local Rule 78.1, and the Court agrees that oral argument is unnecessary.

Having considered the record, the submissions and arguments of counsel, and the applicable law, Plaintiff's motion is DENIED for the reasons stated herein.

**I.      BACKGROUND**

On October 28, 2022, Plaintiff filed suit for personal injuries pursuant to the Jones Act and general maritime law for injuries sustained by her now-deceased husband Brandon Earl Truxillo while employed by defendants. ECF No. 1 ¶ 2. Plaintiff alleges that decedent was employed as a captain on defendant's various tugboats when, on November 15, 2019, he suffered cardiac arrest. Although his coworkers attempted CPR, he passed away on the tugboat. *Id*. ¶ 7. Plaintiff alleges various acts of negligence and unseaworthiness. *Id*. ¶¶ 12-13.

Plaintiff voluntarily dismissed claims against some of the named defendants (*see* ECF No. 5), leaving only Excell Marine Corporation as a defendant, which answered the complaint on

1

February 3, 2023.  ECF No. 7.  The Court's Rule 16 Scheduling order issued on February 28, 2023, establishes a trial date of August 28, 2023 and discovery deadline of June 9, 2023.  ECF No. 12.  It also established a March 30, 2023 deadline for amending pleadings.  *Id.* at 2.

On March 27, 2023 (within the deadline for amending pleadings), Plaintiff filed this motion seeking to amend the complaint to add a claim for punitive damages and attorneys' fees on the basis that Defendant arbitrarily and capriciously failed to provide cure when it failed to equip its vessel with an AED/defibrillator on November 15, 2019.  ECF No. 15-2.  Plaintiff argues that granting leave is proper under Rule 15(a).  ECF No. 15-1 at 3-4.

Defendant Excell Marine Corporation opposes the motion on the basis of futility.  ECF No. 19 at 2. Although Defendant concedes that punitive damages are available for failure to provide cure aboard the vessel, it argues that no regulation required the presence of an AED, and its crew were all trained in CPR.  *Id.* at 3.  Even if an AED were "industry standard," the failure to conform to industry standard would be at most negligence.  *Id.* at 4.  Defendant also attacks the accuracy of Plaintiff's factual allegations.  *Id.* at 3, 5-7.

## II.     APPLICABLE LAW

Under Rule 15(a) of the Federal Rules of Civil Procedure, "[a] party may amend its pleading once as a matter of course" within 21 days of service or 21 days after service of a responsive pleading or motion under Rule 12(b), (e), or (f).  FED. R. CIV. P. 15(a)(1)(A), (B).  In all other cases, a party may amend its pleading with the opposing party's written consent or leave of court, which leave should be freely granted when justice so requires.  FED. R. CIV. P. 15(a)(2).[1]

---

[1] FED. R. CIV. P. 15(a)(2).  Denial of leave to amend is reviewed for abuse of discretion. *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1173–74 (5th Cir. 2006) (citation omitted).  The term "discretion" in this context "may be misleading, because [Rule] 15(a) evinces a bias in favor of granting leave to amend." *Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 425 (5th Cir. 2004) (quoting *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 872 (5th Cir. 2000)).  A "district court properly exercises its discretion under Rule 15(a)(2) when it denies leave to amend for a substantial reason, such as undue delay, repeated failures to cure deficiencies, undue prejudice, or futility." *United States ex rel. Spicer v. Westbrook*, 751 F.3d 354, 367 (5th Cir. 2014) (citation omitted).

2

When a party seeks leave to amend within the established deadline, the motion is governed by Fed. R. Civ. P. 15(a)(2) rather than the more stringent good cause requirements of Fed. R. Civ. P. 16(b).[2] Plaintiff's motion for leave to amend was filed within the deadline established by the governing Scheduling Order, and thus is governed by Rule 15(a)(2).

The Rule 15(a)(2) inquiry requires the court to balance the difficult task of assuring a party a fair opportunity to present its claims and defenses while at the same time protecting the district court from being imposed upon by the presentation of theories seriatim.[3] Although leave to amend is not automatic,[4] given Rule 15(a)(2)'s bias in favor of granting leave to amend, a court "must possess a 'substantial reason' to deny a request."[5] Denial of leave to amend is reviewed for abuse of discretion,[6] but absent a "substantial reason," the court's discretion "'is not broad enough to permit denial'" of a request for leave to amend.[7]

The five relevant factors considered in determining whether leave to amend is proper or there is substantial reason to deny the request are: (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by previous amendments, (4) undue prejudice to the opposing party, and (5) futility of the amendment.[8] In this case, Defendant does not argue undue

---

[2] *See S & W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535-36 (5th Cir. 2003) (Federal Rule of Civil Procedure 16(b) governs the amendment of pleadings after a scheduling order deadline has expired and allows modification "only for good cause and with the judge's consent;" the more liberal standard of Rule 15(a) applies to the court's decision to grant or deny leave only after the movant demonstrates good cause to modify the scheduling order) (citing Fed. R. Civ. P. 16(b)).
[3] *Gregory v. Mitchell*, 634 F.2d 199, 203 (5th Cir. 1981) (citation omitted).
[4] *Avatar Expl., Inc. v. Chevron U.S.A., Inc.,* 933 F.2d 314, 320 (5th Cir. 1991) (citation omitted).
[5] *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004) (citation omitted); *accord Mayeaux*, 376 F.3d at 425 (citing *Martin's Herend Imps., Inc. v. Diamond & Gem Trading U.S. of Am. Co.*, 195 F.3d 765, 770 (5th Cir. 1999); *Stripling*, 234 F.3d at 872).
[6] *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1173–74 (5th Cir. 2006) (citation omitted). The term "discretion" in this context "may be misleading, because [Rule] 15(a) evinces a bias in favor of granting leave to amend." *Mayeaux*, 376 F.3d at 425 (5th Cir. 2004) (quoting *Stripling*, 234 F.3d at 872).
[7] *Mayeaux*, 376 F.3d at 425 (citing *Martin's Herend Imps., Inc.*, 195 F.3d at 770; *Stripling*, 234 F.3d at 872).
[8] *Gregory*, 634 F.2d at 203 (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *see also U.S. ex rel. Spicer* 751 F.3d at 367 (citation omitted); *see also Strickland v. Bank of New York Mellon*, 838 F. App'x 815, 821 (5th Cir. 2020) ("Denying a motion to amend is not an abuse of discretion if allowing an amendment would be futile.") (quoting *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014)).

delay, bad faith or dilatory motive, failure to cure or undue prejudice. Rather, Defendant argues only futility. ECF No. 19.

Consideration of the futility factor requires the court to assess whether the amended complaint would survive a Rule 12(b)(6) motion (i.e., whether it states a plausible claim for relief).[9] The Supreme Court clarified the Rule 12(b)(6) standard of review in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). To avoid dismissal, a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face (i.e., the factual allegations must "be enough to raise a right to relief above the speculative level").[10] It is not enough to allege facts consistent with a claim because the allegations must move past possibility and to plausibility of "entitlement to relief."[11] If the "facts" alleged are "merely consistent" with those minimally required to establish liability, the complaint "stops short of the line between possibility and plausibility."[12]

> Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "shown"—"that the pleader is entitled to relief."[13]

Although the court must accept all well-pleaded facts as true and consider the complaint in the light most favorable to the plaintiff, the Court should not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions."[14]

---

[9] *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (citing *Stripling,* 234 F.3d at 873).
[10] *Twombly*, 550 U.S. at 555.
[11] *Id.* at 557–58; *Iqbal,* 556 U.S. at 678.
[12] *Iqbal,* 556 U.S. at 678 (citation omitted).
[13] *Id.,* 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)) (internal citation omitted); *see also Gonzales v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (citation omitted) (stating that where the facts do not allow the court to infer more than a mere possibility of misconduct, the complaint does not show that the pleader is entitled to relief).
[14] *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007) (citation omitted); *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (citations omitted); *see also Twombly*, 550 U.S. at 555 (The "obligation to provide the grounds of [] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.") (citations and internal quotation marks omitted). When considering a Rule 12(b)(6)

To the extent Defendant's futility argument is premised on its assertions that Plaintiff's factual allegations are inaccurate, that argument must fail. In assessing futility under the Rule 12 standard, the court must accept all of Plaintiff's well-pleaded allegations as true and draw all reasonable inferences in her favor, as required; it cannot resolve any purported factual disputes.

The Fifth Circuit had interpreted *Miles v. Apex Marine Corp.*,[15] to preclude punitive damages against an employer for willful disregard of its obligation to satisfy its maintenance and cure obligations under general maritime law.[16] In *Atlantic Sounding Co., Inc. v. Townsend*,[17] however, the Supreme Court held otherwise, recognizing that a Jones Act seaman can recover punitive damages for an employer's willful and wanton failure to honor its maintenance and cure obligation.[18] *Townsend* thus restored previous Fifth Circuit precedent under which both punitive damages and attorneys' fees are recoverable when an employer willfully fails to honor its maintenance and cure obligation.[19] Courts within this district have indeed recognized that a plaintiff has a claim for punitive damages based on the employer's willful and wanton failure to provide cure while aboard the vessel.[20]

---

motion, the court must limit itself to the contents of the pleadings, including any attachments thereto. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (citing FED. R. CIV. P. 12(b)(6)). Thus, it may consider not only the allegations but also any documents attached to the complaint, referenced documents that are central to the claim, and documents that are part of the public record or subject to judicial notice. *See, e.g., Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (directing courts to "consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."); *Wolcott v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (same).

[15] 498 U.S. 19 (1990).
[16] *Guevara v. Mar. Overseas Corp.*, 59 F.3d 1496 (5th Cir. 1995), *abrogated by Atl. Sounding Co. v. Townsend*, 557 U.S. 404 (2009).
[17] 557 U.S. 404, 424 (2009).
[18] *See Wiltz v. M-I, LLC*, 356 F. Supp. 3d 591, 596 (E.D. La. 2018).
[19] *See, e.g., Morales v. Garijak, Inc.*, 829 F.2d 1355, 1358 (5th Cir. 1987).
[20] *See Fairley v. ART Catering, Inc.*, No. 16-3488, 2018 WL 2100614, at *4 (E.D. La. Mar. 7, 2018) (Zainey, J.) (*citing Satterfield v. Harvey Gulf Int'l Marine*, No. 15-15780, 2016 WL 5801399 (E.D. La. Oct. 5, 2016) (Milazzo, J.)).

Because punitive damages are designed to punish the wrongdoer, more than simple negligence is required.[21] "The theory of a punitive damage award is that the defendant has committed the civil equivalent of a crime," and the award both punishes the particular defendant and deters similar conduct by others.[22] The conduct at issue must be "so egregious as to constitute gross negligence, reckless or callous disregard for the rights of others, or actual malice or criminal indifference."[23] The Supreme Court has advised that "[p]unitive damages are limited to cases of 'enormity,' that is, where a defendant's conduct is outrageous, owing to gross negligence, willful, wanton, and reckless indifference for others' rights, or even more deplorable conduct."[24]

Operational recklessness or willful disregard is generally insufficient to visit punitive damages upon the employer.[25] Rather, to hold a company responsible, "the conduct must emanate from corporate policy or that a corporate official with policy-making authority participated in, approved of, or subsequently ratified the egregious conduct."[26] Thus, an employer or shipowner may not be held liable for punitive damages unless the wanton conduct derived from corporate

---

[21] *Collins v. ABC Marine Towing, LLC*, No. 14-1900, 2015 WL 5970392 (E.D. La. Oct. 14, 2015) (Fallon, J.) (issuing summary judgment on punitive damages claim where plaintiffs could not establish defendant's albeit negligent conduct in violating safety regulations was willful, grossly negligent or reckless) (citing *Miles v. Melrose*, 882 F.2d 976, 989 (5th Cir.1989), *aff'd sub nom. Miles v. Apex Marine Corp*., 498 U.S. 19 (1990)), *on reconsideration*, 2015 WL 9257862 (E.D. La. Dec. 18, 2015) (setting aside summary judgment based on new evidence that defendant continued to engage in the same misconduct, ignoring known risks of harm in failing to insure compliance with safety regulations, because this raised a fact issue as to whether defendant had in the past and continues to act with reckless conduct and in callous disregard for life and property).
[22] 1 THOMAS J. SCHOENBAUM, ADMIRALTY AND MARITIME LAW § 5:10 (6th ed. 2020); *see also Exxon Shipping Co. v. Baker,* 554 U.S. 471, 492 (2008) (stating that punitive damages are aimed at retribution and deterring harmful conduct); *Matter of Crosby Marine Transportation, L.L.C*., No. 17-14023, 2021 WL 1931168, at *4 (E.D. La. May 13, 2021) (citations omitted).
[23] *Gonzalez v. Sea Fox Boat Co. Inc*., 582 F. Supp. 3d 378, 381 (W.D. La. 2022) (citing *Maritrans Operating Partners v. DIANA T*., No. 97-1916, 1999 WL 144458, at *7 (E.D. La. Mar. 15, 1999) (internal citation omitted)).
[24] *Exxon Shipping Co.,* 554 U.S. at 493.
[25] *In re Oil Spill by Oil Rig Deepwater Horizon in Gulf of Mexico, on Apr. 20, 2010,* 21 F. Supp. 3d 657, 749 (E.D. La. 2014).
[26] *Id*.

policy and/or a corporate official with policy-making authority participated in, approved of, or subsequently ratified the egregious conduct.[27]

Courts look to whether the conduct reflects a pattern of violations rather than an isolated instance of alleged non-compliance or negligence.[28] Courts also look to whether the defendant had reason to know that the violation would lead to harm based on past experience (e.g., prior accidents or near misses based on the same non-compliant conduct) or was aware of facts indicating a high degree of risk but failed to appreciate the risk.[29] The simple failure to comply with policies or governing regulations, however, even if negligent, is insufficient to support a claim for punitive damages.[30] Courts must be cautious to avoid the risk of transforming every garden-variety general-maritime-law negligence case into a punitive damages case.[31]

Plaintiff's proposed amendment essentially alleges that Defendant did not have an AED aboard the vessel and that certain associations and regulations have recommended that AEDs be located aboard vessels. ECF No. 15-2, proposed ¶¶ 18, 20-23. These allegations reflect, at most, operations negligence that falls far short of that required to establish the civil equivalent of a crime or conduct that is "so egregious as to constitute gross negligence, reckless or callous disregard for

---

[27] *Id.* at 749 (citing *P&E Boat Rentals*, 872 F.2d at 651–52); *see also Matter of P&E Boat Rentals, Inc.*, 872 F.2d 642, 652 (5th Cir. 1989) ("If the corporation has formulated policies and directed its employees properly, no purpose would be served by imposing punitive damages against it except to increase the amount of the judgment.").
[28] *Collins*, 2015 WL 5970392, at *7 (citing *Maritrans*, 1999 WL 144458, *8).
[29] *Id.* at *8 (citing *In re Oil Spill*, 21 F. Supp. 3d at 733 (stating that, if the harm results from an omission, the omission must be intentional, and the actor must either know the omission will result in damage or the circumstances surrounding the failure to act must allow an implication of reckless disregard))
[30] *Matter of Crosby Marine*, LLC, 2021 WL 1931168, at *5 (granting summary judgment on punitive damages claim where, even if defendant were found negligent for having violated navigational rules, the accident prevention plan, and safety rules, there is no evidence that its actions amounted to the civil equivalent of a crime or the kind of reprehensible culpability involved in the *Exxon Valdez* case or was part of a pattern of violations that would evidence a callous disregard for the rights of others); *see also Collins*, 2015 WL 5970392, *7-8 (finding that allegations of systemic failure to prevent bridge tenders from violating federal regulation insufficient to establish an extreme departure from the care required under the circumstances or a failure to exercise even slight care) (citing *Maritrans*,, 1999 WL 144458, at *7 (declining to award punitive damages where barge allided with plaintiff's vessel and defendant had failed to require captain to take and pass pre-employment drug screen or random drug tests as required by federal regulation)).
[31] *Cf. Matter of Crosby Marine*, 2021 WL 1931168, at *5.

the rights of others, or actual malice or criminal indifference."[32]

### III. CONCLUSION

Although punitive damages may be recovered against an employer for the willful and wanton failure to provide cure while aboard the vessel, mere negligence or failure to comply with industry standards or recommendations fall far short of the type of outrageous conduct necessary to support a claim for punitive damages. Accordingly, for the foregoing reasons,

IT IS ORDERED that Plaintiff's Motion for Leave to File First Supplemental and Amending Complaint (ECF No. 15) is DENIED.

Dated this __24th__ day of April, 2023.

*Donna Phillips Currault*
DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[32] *Gonzalez,* 582 F. Supp. 3d at 381 (citation omitted).