UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JENNA RAE BRIGNAC TRUXILLO, individually and on behalf of her minor child Bryson Truxillo | * * | CIVIL ACTION NO. 22-4300 |
| VERSUS | * | SECTION "P" (2) |
| NATIONAL MAINTENANCE AND REPAIR OF LOUISIANA, INC., ET AL. | * | |

## ORDER AND REASONS

Before me is Plaintiff Jenna Rae Brignac Truxillo's second Motion for Leave to File First Supplemental and Amending Complaint. ECF No. 41. Defendant Excell Marine Corporation timely filed an Opposition Memorandum. ECF No. 47. Plaintiff requested oral argument, which was held on June 28, 2023. ECF Nos. 42, 54.

Having considered the record, the submissions and arguments of counsel, and the applicable law, Plaintiff's motion is DENIED for the reasons stated herein.

## I.  BACKGROUND

Plaintiff seeks to recover under the Jones Act and general maritime law after her husband Brandon Earl Truxillo died from a heart attack while employed by defendants. ECF No. 1 ¶ 2. Although his coworkers attempted CPR, Plaintiff alleges various acts of negligence and unseaworthiness. *Id*. ¶¶ 7, 12-13. Relevant to this motion, Plaintiff argues that Excell Marine's failure to conduct a hazard assessment as required led to the failure to have an AED onboard or an emergency evacuation plan which resulted in the Truxillo's death. ECF No. 41. On that basis, Plaintiff seeks leave to file an amended complaint to add a claim for punitive damages, arguing that the expert opinion on this matter was not available until after the deadline for amendment.

1

In Opposition, Defendant argues that, because this motion was filed after the deadline for amending, Plaintiff must satisfy Rule 16's good cause standard before addressing the matter under Rule 15. ECF No. 47 at 2-3. It then argues that Plaintiff cannot establish good cause because, contrary to Plaintiff's assertions, the expert had rendered an opinion regarding the need for a hazard assessment before Plaintiff's motion and the amendment deadline, and Plaintiff cited that expert's report in the first motion. *Id.* at 3 (citing ECF No. 15-1 at 2-3); *see also* ECF No. 46-2 at 15.

The Scheduling Order established a deadline for amending pleadings of March 30, 2023. ECF No. 12 at 2. Plaintiff filed its first motion for leave to amend seeking to add a punitive damage claim three days before that deadline on March 27, 2023. ECF No. 15. In that motion, Plaintiff relies on the expert opinion of Admiral Korn, who issued a report dated one week before that deadline (March 23, 2023), which Plaintiff states was a typo as the report was not delivered until May 3, 2023. *See* 46-2 at 12; Exhibit 1. While the date of Admiral Korn's opinion may be disputed, there is no dispute that Plaintiff relied on Admiral Korn's opinion in the first motion for leave to amend. ECF No. 15-1 at 2-3.

After this Court denied Plaintiff's motion for leave to amend, Plaintiff filed an Objection. ECF Nos. 26, 29. The district judge has not yet ruled on the objection. Despite the pendency of that objection, Plaintiff filed this second Motion for Leave to Amend, again seeking to add a claim for punitive damages, elaborating on the factual allegations. ECF No. 41.

II. **APPLICABLE LAW AND ANALYSIS**

   A. **Motions to Reconsider**

Although not styled as such, Plaintiff's second motion for leave essentially asks that this Court reconsider its April 24, 2023 Order denying leave to amend on the basis of futility. The Federal Rules of Civil Procedure do not provide specifically for motions for reconsideration, but

2

under Rule 54, "[d]istrict courts have considerable discretion in deciding whether to grant a motion to reconsider an interlocutory order. The exact standard applicable to the granting of a motion under Rule 54(b) is not clear, though it is typically held to be less exacting than would be a motion under Rule 59(e), which is in turn less exacting than the standards enunciated in Rule 60(b)."[1]

The general practice of courts in the Eastern District has been to evaluate motions to reconsider under the same standards that govern Rule 59(e) motions to alter or amend a final judgment, balancing the interests of justice with the need for finality.[2] The four relevant factors in deciding a motion to reconsider under Rule 59(e) are whether: (1) the motion is necessary to correct a manifest error of law or fact upon which the judgment is based; (2) the movant presents newly discovered or previously unavailable evidence; (3) the motion is necessary in order to prevent manifest injustice; or (4) the motion is justified by an intervening change in controlling law.[3]

Motions to reconsider "serve the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence."[4] They are not the proper vehicle for rehashing evidence, legal theories, or arguments.[5] Nor should a motion for reconsideration be used to raise arguments that could have and should have been made before entry of an order or to re-urge matters that have already been advanced by a party.[6] When there exists no independent

---

[1] *Livingston Downs Racing Ass'n, Inc. v. Jefferson Downs Corp.*, 259 F. Supp. 2d 471, 475 (M.D. La. 2002) (citations omitted); *Tex. Comptroller of Pub. Accts. v. Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002) (A Rule 59(e) motion "calls into question the correctness of a judgment," and courts have considerable discretion in deciding whether to grant such a motion) (same).
[2] *See, e.g., Castrillo v. Am. Home Mortg. Serv'g, Inc.*, No. 09-4369, 2010 WL 1424398, at *4 (E.D. La. Apr. 5, 2010) (citations omitted); *Rosemond v. AIG Ins.*, No. 08-1145, 2009 WL 1211020, at *2 (E.D. La. May 4, 2009).
[3] *Flynn v. Terrebonne Par. Sch. Bd.*, 348 F. Supp. 2d 769, 771 (E.D. La. 2004) (citations omitted).
[4] *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989) (internal quotation and citation omitted).
[5] *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990) (citing *Fed. Deposit Ins. Corp. v. Meyer*, 781 F.2d 1260, 1268 (7th Cir. 1986) (internal citations omitted)).
[6] *See Browning v. Navarro*, 894 F.2d 99, 100 (5th Cir. 1990).

reason for reconsideration other than mere disagreement with a prior order, reconsideration is a waste of judicial time and resources and should not be granted.[7]

B. **Standard for Consideration of Motion for Leave to Amend**

To the extent Plaintiff's motion is considered a new motion rather than reconsideration of the prior motion, when leave is sought *after* the scheduling order deadline for amendments has expired, the analysis is governed by Rule 16.[8] This second motion was filed after the amendment deadline, and thus, Plaintiff must satisfy the "good cause" requirement of Rule 16 before addressing the proposed amendment under Rule 15.[9]

Under Rule 16(b), a scheduling order "may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b). This generally requires the movant to "show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension."[10] The four factors relevant to determining the existence of good cause in the context of post-deadline amendment are: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice."[11] When a proposed amendment involves new recovery theories or imposes additional discovery requirements, courts will deny the request for leave to amend based on undue prejudice.[12]

---

[7] *Livingston Downs Racing Ass'n*, 259 F. Supp. 2d at 475.
[8] *See S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535–36 (5th Cir. 2003) (holding that Federal Rule of Civil Procedure 16(b) governs the amendment of pleadings after a scheduling order deadline has expired and only upon a showing of good cause and with the judge's consent will the more liberal standard of Rule 15(a) apply to the court's decision to grant or deny leave).
[9] *See id.* at 535–36.
[10] *Filgueira v. U.S. Bank Nat. Ass'n*, 734 F.3d 420, 422 (5th Cir. 2013) (citation omitted).
[11] *Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003) (quoting *S & W Enters., LLC,* 315 F.3d at 536).
[12] *Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 427 (5th Cir. 2004) (affirming denial of leave to amend where amendment would fundamentally alter the nature of the case); *see also Little v. Liquid Air Corp.*, 952 F.2d 841, 846 (5th Cir.1992) (affirming order denying leave to amend where the amended complaint would have "established an entirely new factual basis for the plaintiffs' claims" and thus "radically altered the nature of trial on the merits"), *reinstated in relevant part* by 37 F.3d 1069, 1073 & n.8 (5th Cir. 1994) (en banc); *Morongo Band of Mission Indians*

Once Rule 16 is satisfied, the Court must then address the request under Rule 15(a)(2). Rule 15 requires the court to "freely give leave [to amend] when justice so requires"[13] and "possess a 'substantial reason' to deny a request."[14] The five relevant considerations are: (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by previous amendments, (4) undue prejudice to the opposing party, and (5) futility of the amendment.[15]

### C. Analysis

In this case, Plaintiff has failed to establish any basis for reconsideration. Plaintiff's mere disagreement with my order is insufficient to justify reconsideration and simply serves to waste judicial time and resources. Although Plaintiff's second proposed amended complaint includes more background factual allegations and theories, nothing in the second motion presents *new evidence* that could not have been included in the prior motion. Likewise, nothing in Plaintiff's second motion persuades me to alter my prior conclusion that, while punitive damages are available against an employer who willfully and wantonly fails to provide cure while aboard the vessel,[16] the factual allegations underlying the second proposed amendment (e.g., failure to

---

v. *Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990) ("The new claims set forth in the amended complaint would have greatly altered the nature of the litigation and would have required defendants to have undertaken, at a late hour, an entirely new course of defense.").

[13] FED. R. CIV. P. 15(a)(2). Denial of leave to amend is reviewed for abuse of discretion. *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1174 (5th Cir. 2006). The term "discretion" in this context "may be misleading, because [Rule] 15(a) evinces a bias in favor of granting leave to amend." *Mayeaux*., 376 F.3d at 425 (quoting *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 872 (5th Cir. 2000)). A "district court properly exercises its discretion under Rule 15(a)(2) when it denies leave to amend for a substantial reason, such as undue delay, repeated failures to cure deficiencies, undue prejudice, or futility." *United States ex rel. Spicer v. Westbrook*, 751 F.3d 354, 367 (5th Cir. 2014).

[14] *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004) (citation omitted); *Mayeaux*, 376 F.3d at 425 (footnote omitted) (citing *Martin's Herend Imps., Inc. v. Diamond & Gem Trading U.S. of Am. Co.*, 195 F.3d 765, 770 (5th Cir. 1999); *Stripling*, 234 F.3d at 872).

[15] *Smith*, 393 F.3d at 595 (citing *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962))).

[16] *See Fairley v. ART Catering, Inc*., No. 16-3488, 2018 WL 2100614, at *4 (E.D. La. Mar. 7, 2018) (Zainey, J.) (*citing Satterfield v. Harvey Gulf Int'l Marine*, No. 15-15780, 2016 WL 5801399 (E.D. La. Oct. 5, 2016) (Milazzo, J.)).

comply with various policies or governing regulations) are insufficient to support a claim for punitive damages.[17]

As to Rule 16 good cause, while the delay premised on new evidence is questionable given the prior citation to Admiral Korn's opinion, the amendment is important and would not result in prejudice. Although satisfying Rule 16, the amendment still fails to satisfy the relevant factors under Rule 15, primarily futility.

Punitive damages are not available for Jones Act negligence or unseaworthiness.[18] But as previously recognized, punitive damages are available against an employer for willful and wanton failure to provide maintenance and cure,[19] including one who willfully and wantonly fails to provide cure while aboard the vessel.[20] Plaintiff's new allegations (elaborating on facts previously alleged essentially assert that Defendant's failure to follow regulations and policies resulted in its failure to conduct a hazard assessment and adopt an emergency evacuation plan or have an AED onboard) appear directed to Jones Act operational negligence or unseaworthiness rather than to alleged willful and wanton failure to provide cure. Accepting as true the allegations in Plaintiff's new proposed complaint with its more detailed factual allegations that Defendant's pattern of disregarding operational regulations (e.g., vessel logs, record keeping), those facts still fail to rise

---

[17] *Matter of Crosby Marine Transp.*, LLC, No. 17-14023, 2021 WL 1931168, at *5 (E.D. La. May 13, 2021) (granting summary judgment on punitive damages claim where, even if defendant were negligent for having violated navigational rules, the accident prevention plan, and safety rules, there is no evidence that its actions amounted to the civil equivalent of a crime or the kind of reprehensible culpability involved in the *Exxon Valdez* case or was part of a pattern of violations that would evidence a callous disregard for the rights of others); *see also Collins v. A.B.C. Marine Towing, L.L.C.*, No. 14-1900, 2015 WL 5970392, at *7-8 (E.D. La. Oct. 14, 2015) (finding that allegations of systemic failure to prevent bridge tenders from violating federal regulation insufficient to establish an extreme departure from the care required under the circumstances or a failure to exercise even slight care) (citing *Maritrans Operating Partners v. Diana T*, No. 97-1916, 1999 WL 144458, at *7 (E.D. La. Mar. 15, 1999) (declining to award punitive damages where barge allided with plaintiff's vessel and defendant had failed to require captain to take and pass pre-employment drug screen or random drug tests as required by federal regulation)).
[18] *See Miles v. Apex Marine Corp.*, 498 U.S. 19, 32 (1990); *The Dutra Grp. v. Batterton*, 139 S. Ct. 2275, 2278 (2019); *McBride v. Estis Well Serv., L.L.C.*, 768 F.3d 382, 384 (5th Cir. 2014).
[19] *Atl. Sounding Co. v. Townsend*, 557 U.S. 404, 418, 129 S. Ct. 2561, 2571, 174 L. Ed. 2d 382 (2009).
[20] *See Fairley*, 2018 WL 2100614, at *4 (*citing Satterfield*, 2016 WL 5801399).

to level necessary to state a claim for punitive damages based on wanton and willful failure to provide cure aboard the vessel.

In recently granting summary judgment on a maritime punitive damages claim in *Cox Operating, LLC v. M/V ATINA*,[21] Judge Milazzo explained that the quintessential case for the award of punitive damages is *Exxon Valdez*, formally *Exxon Shipping Co. v. Baker*. In that case, Exxon failed to monitor its captain who had returned to duty after dropping out of alcohol treatment, and Exxon was aware that he had relapsed into his former drinking habits. The intoxicated captain then inexplicably abandoned his post on the bridge of the 900-foot oil tanker two minutes before a critical turn to avoid a reef, even though he was the only person onboard licensed to navigate that area, which vessel ran aground and caused an 11-million gallon oil spill.[22] She recognized that those egregious facts support a maritime punitive damages claim.

Here, Plaintiff makes no effort to distinguish *Crosby Marine*, *Collins*, *Maritrans*, *Gonzales*,[23] *Cox*, or other cases holding that operational negligence or even failure to follow regulations is insufficient to state a claim for punitive damages under maritime law. As previously held, allowing a punitive damages claim under the facts alleged would be counter to the Supreme Court's instruction that punitive damages be limited "to cases of 'enormity,' that is, where a defendant's conduct is outrageous, owing to gross negligence, willful, wanton, and reckless indifference for others' rights, or even more deplorable conduct."[24] Otherwise, every garden-variety general-maritime-law negligence case would be transformed into a punitive damages case[25] rather than limiting punitive damages claims to cases involving the civil equivalent of a

---

[21] ___ F. Supp. 3d ___, No. 20-2845, 2023 WL 2757021, at *4 (E.D. La. Apr. 3, 2023).
[22] *Id.* at *4 (citations omitted).
[23] *Gonzales v. Sea Fox Boat Co., Inc*., 582 F. Supp. 3d 378 (W.D. La. 2022) (denying summary judgment on punitive damages claim where there were genuine issues of material fact as to defendant's involvement in the design of a filter component of engine that exploded aboard vessel).
[24] *Exxon Shipping Co.,* 554 U.S. at 493.
[25] *Cf. Matter of Crosby Marine*, 2021 WL 1931168, at *5.

crime or conduct that is "so egregious as to constitute gross negligence, reckless or callous disregard for the rights of others, or actual malice or criminal indifference."[26]

### III.   CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that Plaintiff's Motion for Leave to Amend (ECF No. 41) is DENIED.

New Orleans, Louisiana, this __30th__ day of June, 2023.

*(signature)*
DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[26] *Gonzalez,* 582 F. Supp. 3d at 381 (citation omitted).