UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JENNA TRUXILLO** | **CIVIL ACTION NO: 22-CV-4300** |
| **VERSUS** | **JUDGE DARREL JAMES PAPILLION** |
| **NATIONAL MAINTENANCE AND REPAIR OF LOUISIANA, INC., ET AL.** | **MAGISTRATE JUDGE DONNA PHILLIPS CURRAULT** |

## ORDER

Before the Court is an "Ex Parte Motion to File the Settlement Agreement Under Seal" filed by Plaintiff Jenna Rae Truxillo, individually, and as the parent and natural tutrix of her minor child, B.E.T.[1]  R. Doc. 64.  For the following reasons, Plaintiff's motion is **GRANTED**.

## LAW AND ANALYSIS

"Judicial records belong to the American people; they are public, not private, documents." *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 417 (5th Cir. 2021).  "And the public's right of access to judicial records is a fundamental element of the rule of law." *June Med. Servs., LLC v. Phillips*, 22 F.4th 512, 519 (2022) (quoting *Leopold v. United States (In re Leopold to Unseal Certain Elec. Surveillance Applications & Orders)*, 964 F.3d 1121, 1123 (D.C. Cir. 2020)) (internal quotations omitted).  For this reason, there is a presumption against sealing documents and the party moving to seal "bears the burden to show that the interest in secrecy outweighs the presumption." *Shell Offshore, Inc. v. Eni Petroleum US, LLC*, No. 16-CV-15537, 2017 WL 4226153, at *1 (E.D. La. Sept. 22, 2017) (internal quotations and citations omitted).  As such, the Fifth Circuit has instructed that "a judge cannot seal public documents merely because a party asks to add them to the judicial record." *June Med. Servs.*, 22 F.4th at 520.  Instead, "the court must undertake a . . . line-by-line balancing of the public's common law right of access against the

---

[1] The Court uses the minor child's initials to protect his or her privacy.

interests favoring nondisclosure." *Id.* (quoting *Binh Hoa Le*, 990 F.3d at 419) (internal quotations omitted).

To be sure, "[t]he presumption in favor of the public's common law right of access to court records . . . applies to settlement agreements that are filed and submitted to the district court for approval." *SEC v. Van Waeyenberghe*, 990 F.2d 845, 849 (5th Cir. 1993). The Fifth Circuit has found, however, that sealing settlement terms may be appropriate in certain situations. *See, e.g., Seals v. Herzing Inc. – New Orleans*, 482 F. App'x 893, 896 (5th Cir. 2012). In *Seals v. Herzing Incorporated – New Orleans*, the Fifth Circuit affirmed the district court's order sealing two confidential consent awards and an arbitration transcript "[i]n light of the parties' agreement to maintain confidentiality, the express statement that confidentiality and non-disclosure agreement was a material inducement for [Defendant] to settle, the fact that 'public policy favors voluntary settlements,' and the limitation of the district court's order to . . . three exhibits." *Id.* (quoting *Bass v. Phx. Seadrill/78, Ltd.*, 749 F.2d 1154, 1164 (5th Cir. 1985)).

This case presents a similar scenario. The Settlement Agreement in this case provides the parties "agree that the Settlement Amount shall be kept strictly confidential and that no disclosure concerning the Settlement Amount shall be made by the parties or their attorneys in any manner whatsoever, in whole or in part . . . . In the event of a breach of this provision by either party or their attorneys, the non-violating party may petition the above-captioned court for redress." The parties clearly intended the settlement amount to remain confidential, and there is every reason to believe the proposed and agreed-upon confidentiality was a factor in the parties' decision to settle. These factors, as well as the public policy favoring settlement, weigh in favor of sealing the settlement amount.

Furthermore, while it is well-settled that the public has an interest in court records, the public's interest in the settlement amount does not outweigh the parties' interest in sealing the records.  Importantly, the information Plaintiff seeks to seal in this case is extremely limited and narrowly tailored.  Plaintiff does not ask the Court to seal multiple documents or a high volume of information, but limits its motion to the Settlement Agreement, which includes the settlement amount, as well as what parties are being released and the scope of the releases.  Moreover, this case, while important as a civil action in its own right, is not the type of action that is of great concern to the public at large and of which the public would have a significant interest.  The case does not involve, for example, a wrongful death at the hands of a government employee, such as a police officer.  *See, e.g., Bradley on Behalf of AJW v. Ackal*, 954 F.3d 216, 233 (5th Cir. 2020) (finding the public had a strong interest in disclosure where the case involved a public official).  The parties' interests in maintaining the confidentiality of the settlement amount outweighs the public's interest in disclosure, and is sufficient to overcome the presumption in favor of disclosure.

## CONCLUSION

Accordingly, **IT IS ORDERED** Plaintiffs' Motion to Seal (Record Document 64) is hereby **GRANTED**.  The Clerk's Office is directed to file the proposed document for seal as Exhibit A to Plaintiff's Motion to Seal.

New Orleans, Louisiana, this 15th day of August, 2023.

**DARREL JAMES PAPILLION**
**UNITED STATES DISTRICT JUDGE**

3