UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JENNA TRUXILLO** | **CIVIL ACTION NO: 22-CV-4300** |
| **VERSUS** | **JUDGE DARREL JAMES PAPILLION** |
| **NATIONAL MAINTENANCE AND REPAIR OF LOUISIANA, INC., ET AL.** | **MAGISTRATE JUDGE DONNA PHILLIPS CURRAULT** |

**ORDER**

Before the Court is an "Ex Parte Motion for Approval of Minor Settlement" by Plaintiff Jenna Truxillo ("Truxillo"), who files this motion individually, and as the parent and natural tutrix of the minor child, B.E.T.[1] R. Doc. 63. In her motion, Plaintiff asks the Court to approve the agreement between Plaintiff, on behalf of B.E.T., and Defendant Excell Marine Corporation ("Defendant') to settle the claims Plaintiff brings on behalf of B.E.T.

"The Fifth Circuit and Louisiana courts have recognized a need to ensure that the interests of a minor are adequately represented and protected in settlement agreements." *Harrison v. Jefferson Par. Sch. Bd.*, No. 20-CV-2916, 2021 WL 4268740, at *1 (E.D. La. Aug. 13, 2021) (internal citations omitted). For this reason, the Fifth Circuit considers Louisiana's "'statutory scheme to compel prior approval of a settlement or compromise of such claims' applicable to motions of this type." *Mock v. Grady-White Boats, Inc.*, No. 11-CV-2653, 2013 WL 1879683, at *1 (E.D. La. Apr. 17, 2013), *report and recommendation adopted*, 2013 WL 1879681 (May 3, 2013) (quoting *Carter v. Fenner*, 136 F.3d 1000, 1009 (5th Cir. 1998)). In considering a motion to approve a minor's settlement, "a court must not only grant authority to compromise to the party properly representing the minor, but must also determine whether the terms of the proposed compromise are in the best interests of the minor." *Carter*, 136 F.3d at 1009.

---

[1] The Court refers to the minor child by his or initials to protect the minor child's privacy.

Truxillo requests approval of the following recommendations: (1) two-thirds of the settlement amount is allocated to Truxillo and one-third to B.E.T.; (2) a contingency fee of forty percent of the settlement amount plus costs incurred in connection with this action is to be paid to Plaintiff's attorneys, the Falcon Law Firm; and (3) Truxillo is to be empowered to receive and accept the settlement amount on behalf of B.E.T.; to sign, execute, and complete releases; and to perform any and all acts and deeds necessary to receive the settlement money for B.E.T. and release any and all parties from liability as consideration for the payment.

Considering the terms of the agreement, the Court finds the agreed-upon settlement is fair and reasonable. The settlement amount, which is filed under seal, is reasonable given the complexity of the claims in this case, the extent of the damages suffered, and the expense and anticipated time required for trial preparation and execution. The settlement allocation between Truxillo and B.E.T. is also reasonable. Moreover, the proposed contingency fee to be paid to Plaintiff's attorneys is fair, not excessive, and consistent with contingency fees approved by other district judges in this Court. *Mock*, 2013 WL 1879683, at *4 ("The 40% contingency fee charged is customary and has been specifically awarded in similar kinds of cases by this court and others.") (citing *Smith v. Surjaamadja*, No. 02-CV-2994, 2004 WL 1336413, at *2 (E.D. La. June 15, 2004)).

Accordingly, **IT IS ORDERED** Plaintiff's motion (Record Document 63) is **GRANTED.** The recommendations made by Truxillo on behalf of her minor child, B.E.T., are **APPROVED.**

New Orleans, Louisiana, this 15th day of August, 2023.

_____
**DARREL JAMES PAPILLION**
**UNITED STATES DISTRICT JUDGE**

2